UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOUNAGNON THOMAS AYIDEDJI,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden, et al.,<br><br>Respondents. | Case No.: 3:26-cv-1624-CAB-MMP<br><br>**ORDER PARTIALLY GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Nounagnon Thomas Ayidedji's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims he is being detained by immigration authorities in violation of the Fifth Amendment. [*Id.* at 4–7.] He seeks immediate release or, at minimum, a bond hearing before a neutral decisionmaker. [Doc. No. 1-2 at 1.] For the reasons stated below, the Court **PARTIALLY GRANTS** the request for a writ of habeas corpus and **ORDERS** that Petitioner receive an individualized bond hearing.

## I.    BACKGROUND

Petitioner is non-citizen who has been in Immigration and Customs Enforcement ("ICE") custody for at least 15 months. [Petition at 4; Doc. No. 6 at 1.] He has remained in custody since then. Petitioner and Respondents have given the Court very few details about Petitioner's circumstances or background. [*See generally* Petition; Doc. No. 6.]

1

## II.   LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody.  Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  The petitioner bears the burden of demonstrating that he is in illegal custody.  *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

### A.   Jurisdiction

Respondents challenge this Court's jurisdiction based on 8 U.S.C. § 1252(g).  [Doc. No. 6-1 at 5–6.]  This Court and innumerable others have repeatedly rejected the same jurisdictional argument under similar factual scenarios.  Because Petitioner challenges the legality of his detention and not the decision to commence proceedings, the adjudication of his removal case, or any action to execute a removal order, the Court rejects Respondent's jurisdictional arguments by adopting and incorporating by reference the same reasoning expressed in *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1138–39 (S.D. Cal. 2025).

### B.   Due Process Claim

Petitioner argues that his prolonged detention without a bond hearing—over fifteen months—violates his Fifth Amendment right to due process.   [Petition at 4–7.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved. [Doc. No. 6-1 at 6–7].   Respondents cite to *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020) to argue that Petitioner has no due process rights beyond those afforded by statute. [*Id.* at 8–9.]  The Court has previously discussed that while Supreme Court precedent does establish that the *statutory language* of § 1225(b) mandates detention, the Supreme Court did not decide the *constitutional question* of

whether indefinite detention is permitted. *See L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 5–6 (S.D. Cal. Jan. 16, 2026).

As to the constitutional question, this Court recently held in *L.R.G.* that a due process violation may occur when § 1225(b) results in practically indefinite civil detention. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *6; *see Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). Respondents' position has also been questioned by the Ninth Circuit:

> We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government. "[L]iberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Civil detention violates due process outside of "certain special and narrow nonpunitive circumstances."

*Rodriguez v. Marin*, 909 F.3d 252, 256–57 (9th Cir. 2018) (internal citation omitted) (alteration in original).

Though there is no brightline test for a violation, this Court and many others have used the *Banda* test which considers the following six factors to determine when detention under § 1225(b) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs in Petitioner's favor given that he has been detained for over a year. *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a

bond hearing when detention extends beyond one year).  Regarding the second factor, which consists of the "anticipated duration of all removal proceedings—including administrative and judicial appeals[,]" Petitioner has a pending appeal with the Board of Immigration Appeals and does not currently have a timeline for adjudication.  [*See* Doc. No. 6 at 1.]  Accordingly, the second factor favors Petitioner.  As to the third *Banda* factor, Petitioner's confinement is similar to penal confinement because, as the Court explained with respect to the petitioner in *L.R.G.*, Petitioner is detained "in a secure facility, guarded by armed personnel, and has restricted access to outdoor space, activities, and communication."  No. 3:25-CV-3490-CAB-MSB, Doc. No. 13, at *8 (S.D. Cal. January 16, 2026).  Thus, the third factor favors Petitioner.

The fourth factor also weighs in his favor as there is no evidence in the record that Petitioner caused any delays.  With regard to the fifth factor, there are no allegations of the government delaying any proceedings; thus, this factor weighs against Petitioner.  Finally, the Court finds the sixth factor neutral as the outcome of Petitioner's removal proceedings is uncertain.

In sum, factors one (the most important), two, three, and four weigh for Petitioner, while factor five weighs against him and factor six is neutral.  The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) without a bond hearing violates his right to due process.  Petitioner is entitled to a prompt and individualized bond hearing before an immigration judge.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Petitioner's prolonged detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.  The Court therefore **PARTIALLY GRANTS** the writ of habeas corpus and **ORDERS** Respondents to provide Petitioner an individualized bond hearing by **April 22, 2026**.

///

///

3:26-cv-1624-CAB-MMP

The Clerk of the Court shall close the case on **April 24, 2026** unless the Court is notified that the bond hearing did not occur.

It is **SO ORDERED**.

Dated:  April 8, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:26-cv-1624-CAB-MMP